The People of the State of New York, Respondent, *v.*
August Prillen, Appellant.  .

1. Jurisdiction — Portion of East River Within Jurisdiction of
City of New York. That portion of the East river flowing between the
old cities of New York and Brooklyn was part of the old city of New
York, and that city having been consolidated with the outlying munici-
palities by the present charter, such portion of the East river is clearly
within the jurisdiction of the present city.

2. New York (City of) — Provisions of Charter (L. 1901, Ch. 466,
§ 343) Requiring Engineers Operating Boilers within the City to
Have License from Police Department Are not Applicable to
Engineers of Boilers Temporarily within the City. Section 343
of the present charter of the city of New York (L. 1901, ch. 466), provid-
ing that it shall not be lawful for any person to operate or use steam boil-
ers therein specified without having a certificate of qualification therefor
issued by the police department of the city, must be read in connection
with section 342, providing for the inspection of boilers within the city,
and so read relates only to steam boilers permanently located and in use
in the city of New York; and where a foreign corporation, engaged,
under a contract with the United States government, in removing an
island from the East river, had steam boilers for the prosecution of the
work temporarily within the limits of the city, an engineer employed by
such corporation is not liable to arrest and conviction under section 343
for operating such boilers without having a certificate of qualification
issued by the police department of the city.

*People* v. *Prillen,* 73 App. Div. 207, reversed.

(Argued December 8, 1902; decided January 6, 1903.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered June
6, 1902, which affirmed a judgment of the Court of Special
Sessions of the city of New York convicting the defendant
of a misdemeanor.

The facts, so far as material, are stated in the opinion.

*Robert D. Benedict* for appellant. The " city of New
York," as defined in the charter, does not include the East
river. (L. 1897, ch. 378, § 1.) The Court of Special Ses-
sions had no jurisdiction over the alleged offense. (L. 1897,
ch. 378, § 1406.) The provision of the charter of the city of
New York in question was intended to apply only to boilers

on land. (L. 1897, ch. 378, § 343.) To sustain this judgment would be to lay a new and oppressive burden on the commerce of the port of New York. (*People* v. *Lambier*, 5 Den. 9.)

*William Travers Jerome, District Attorney* (*Robert C. Taylor* of counsel), for respondent. The court below had jurisdiction. (*People* v. *Wilson*, 3 Park. Cr. Rep. 199; L. 1895, ch. 601, § 14; L. 1897, ch. 378, § 1391; L. 1901, ch. 466, § 1405; *Stryker* v. *Mayor*, 19 Johns. 179; *A. D. Co.* v. *City of Brooklyn*, 3 Keyes, 444; *Luke* v. *City of Brooklyn*, 43 Barb. 54; *Udall* v. *City of Brooklyn*, 19 Johns. 175; *Matter of Furman Street*, 17 Wend. 649; *People ex rel.* v. *Assessors*, 47 Hun, 383; *Orr* v. *Mayor, etc.*, 36 N. Y. 661; *People* v. *Welsh*, 141 N. Y. 266; *People* v. *Pugh*, 167 N. Y. 524; *People* v. *Gumaer*, 80 Hun, 78.) Section 343 of the charter of the city of New York is not, in terms, confined to boilers on land. (*People* v. *Cannon*, 63 Hun, 306; 139 N. Y. 32; *People* v. *Albertson*, 55 N. Y. 50; *Bertholf* v. *O'Reilly*, 74 N. Y. 516; *People* v. *Rathbone*, 145 N. Y. 434; *People* v. *Havnor*, 149 N. Y. 195; *People* v. *N. Y., N. H. & H. R. R. Co.*, 55 Hun, 409; *Matter of Jacobs*, 98 N. Y. 98; *People* v. *Deming*, 13 How. Pr. 441; *Francisco* v. *People*, 18 How. Pr. 475; *People* v. *Sperry*, 50 Barb. 170.) The question of constitutionality is not raised by the record. (*Delaney* v. *Brett*, 51 N. Y. 78; *Purdy* v. *E. R. R. Co.*, 162 N. Y. 42.)

BARTLETT, J. This defendant was charged with unlawfully operating two steam boilers carrying over ten pounds of steam, to wit, one hundred and thirty pounds of steam, located on two scows anchored in the center of the East river opposite East 38th street in the city of New York.

It appears that a New Jersey corporation, known as the R. & G. Packard Company, under a contract with the United States government, was engaged in the removal of a small island called the "Man of War Rock," which was an obstruction to the navigation of the East river.

The defendant was in the employ of this company as a fireman, having over him an engineer in charge of these boilers.

In the prosecution of this work these scows were anchored about one hundred feet apart, each having on board a boiler that generated steam for the purpose of rock drilling.

It was proved that the defendant was at times left in charge of one of these boilers, and that he held no certificate as required by section 343 of the present charter of the city of New York (L. 1901, ch. 466), the material portion of which reads as follows : " It shall not be lawful for any person or persons to operate or use any steam boiler to generate steam except for railway locomotive engines, and for heating purposes in private dwellings, and boilers carrying not over ten pounds of steam and not over ten horse power, or to act as engineer for such purposes in the city of New York without having a cer- tificate of qualification therefor from practical engineers detailed as such by the police department, such certificate to be counter- signed by the officer in command of the sanitary company of the police department of the city of New York *and to continue in force one year*, unless sooner revoked or suspended."

We are unable to agree with the learned counsel for the defendant and appellant that the East river at this point by error of description in the existing charter is not included within the limits of the present city of New York.

The first and second sections of the charter read together make it clear that the outlying municipalities were consoli- dated with the old city of New York as it existed on the first day of January, 1898.

The East river as it flows between the former cities of New York and Brooklyn was a part of the city of New York as it existed prior to the consolidation.

It follows that the Court of Special Sessions of the city of New York had jurisdiction to try this defendant, and the case must be considered on the merits.

The question presented by this appeal requires the construc- tion of section 343 of the present charter of the city of New York and incidentally of section 342 which treats of the inspection of steam boilers and the issuing of a certificate to the effect that the boiler has been subjected to a proper test.

It appears that section 343 was in substance section 311 of the Consolidation Act which was enacted in 1882. We have here, therefore, no new power conferred upon the police department of the city of New York, but one that has existed for many years.

The question is narrowed down to the inquiry whether the steam boilers referred to in the section under consideration are those permanently located in the city of New York, or include all boilers on vessels of every description navigating the waters of the port of New York within the limits of the city of New York not embraced within the inspection laws of the United States government.

If it be true that the police department of the city of New York is possessed of any such power and rests under so great a responsibility, it does not appear by this record that it has ever been generally exercised.

Congress has enacted that all boilers on steam vessels navigating any waters of the United States, which are common highways of commerce, or open to general or competitive navigation, excepting public vessels of the United States, vessels of other countries, or boats propelled in whole or in part by steam for navigating canals, shall be subject to inspection.

It has also provided that every vessel propelled in whole or in part by steam shall be deemed a steam vessel within the meaning of this title, and that the local inspectors shall inspect all boilers of steam vessels before the same shall be used and once at least in every year thereafter. (U. S. R. S. §§ 4399, 4400, 4418, p. 857 *et seq.*)

It thus appears that a large class of vessels navigating the waters of the port of New York, within the jurisdiction of the city of New York, are not covered by the inspection laws of the Federal government. In this class are boats propelled in whole or in part by steam for navigating the canals, and a large number of vessels which are not propelled in whole or in part by steam, but have placed upon them boilers for hoisting or other purposes. In this class are barges, dredges, ele-

vators and other craft which are towed from point to point as necessity requires.

It would seem that if the legislature intended to confer upon the police department of the city of New York jurisdiction over this large class of vessels that would require a thoroughly-organized and equipped force to properly discharge the duties involved, it would have provided a scheme in detail very different from the vague and general language found in the section under consideration.

An examination of section 342, providing for the inspection of boilers, aids in the construction of section 343. Section 342 provides in part as follows : " Every owner, agent or lessee of a steam boiler or boilers *in use in the City of New York* shall *annually*, and at such convenient times and in such manner and in such form as may, by rules and regulations to be made therefor by the police commissioner be provided, report to said department *the location of each steam boiler or boilers*, and thereupon, and as soon thereafter as practicable, the sanitary company, or such member or members thereof as may be competent for the duty herein described, and may be detailed for such duty by the police commissioner shall proceed to inspect such steam boilers, and all apparatus and appliances connected therewith."

This section evidently contemplates the inspection of such steam boilers as are permanently in use in the city of New York, and provides that the location of each boiler shall be ascertained and thereafter they shall be annually inspected.

In view of these provisions we turn to section 343, under which this defendant has been convicted, and find the provisions as to the issuing of certificates to engineers who are qualified to operate steam boilers in the city of New York. Neither of these sections contains specific language that indicates the clear intention of covering boilers afloat on vessels navigating the waters of the port of New York that may be here to-day and away to-morrow.

It is argued that a large number of boilers located on vessels in the port of New York, not covered by the United

States inspection laws, should be subject to annual inspection, and the engineers operating the same required to hold certificates as to their proper qualifications. Neither the record nor the briefs of counsel contain any information as to existing laws of the state or the United States, if any there are, in regard to this class of boilers.

We are of opinion that the defendant, in operating these boilers in the middle of the East river within the waters of the port of New York, under the circumstances disclosed, while in the employ of a New Jersey corporation, having its plant temporarily here for the purpose of performing a contract into which it had entered with the United States government, was not liable to arrest under section 343 of the present charter of the city of New York, he not having a certificate as to his qualifications issued by the police department of said city.

The questions presented by this appeal are by no means free from difficulty and call for the construction of a statute which is both general and obscure. The situation requires the prompt attention of the legislature.

The judgments of the Court of Special Sessions of the first division of the city of New York and of the Appellate Division affirming the same should be reversed.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and CULLEN, JJ., concur.

Judgment reversed and defendant ordered discharged.